SYLLABUS

This syllabus is not part of the Court's opinion. It has been prepared by the Office of the Clerk for the convenience of the reader. It has been neither reviewed nor approved by the Court. In the interest of brevity, portions of an opinion may not have been summarized.

## State v. Isiah T. McNeal (A-14-18) (081112)

**Argued March 26, 2019 -- Decided May 2, 2019**

**PER CURIAM**

Defendant Isiah T. McNeal argues that the amount of jail credit he was told he would receive was misrepresented and he should be permitted to move to withdraw his guilty plea. Defendant entered into a plea agreement as a global resolution of the numerous indictments returned against him. Defense counsel represented that defendant was told he would be entitled to 2438 days' jail credit. The State disputed that assertion. The record shows that the plea court then thoroughly discussed the issue with defendant, who affirmed that he was not entering the plea agreement assuming the 2438 days of jail credit would be applied to the period of parole ineligibility he faced for an aggravated assault charge. Defendant's plea was accepted, and jail credits were assessed per time accrued on each charge. Defendant argued that all of the 4727 days of jail credit should be applied to the aggravated assault charge even though he had accrued only 1012 days on that charge. On appeal, the Appellate Division held that, "[w]hile misrepresentations regarding jail credit may upend a . . . plea, a review of the record in its entirety contradicts defendant's claim." The Court granted certification. 235 N.J. 450 (2018).

**HELD:** Defendant was repeatedly and explicitly warned that the estimated 2438 days of jail credit may not affect his period of parole ineligibility and that he should not enter the plea agreement expecting as much. Defendant cannot now credibly argue that he relied on a belief that all 2438 days would be applied to his term of parole ineligibility.

1. Incorrect calculation of jail credits may impact the voluntariness of a plea. Future courts should take note of the effective steps taken by the plea court here. It was made clear to defendant that the jail credits should not be presumed to apply to his parole ineligibility period. That notion was clearly stated no less than three times, to which the defendant affirmatively registered his understanding. (pp. 5-8)

**AFFIRMED.**

**CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.**

1

SUPREME COURT OF NEW JERSEY
A-14 September Term 2018
081112

State of New Jersey,

Plaintiff-Respondent,

v.

Isiah T. McNeal, a/k/a Isiah
T. McNeil, and Isaiah McNeal,

Defendant-Appellant.

On certification to the Superior Court,
Appellate Division.

| Argued | Decided |
|--------|---------|
| March 26, 2019 | May 2, 2019 |

Marcia Blum, Assistant Deputy Public Defender, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Marcia Blum, on the brief).

Gretchen A. Pickering, Assistant Prosecutor, argued the cause for respondent (Jeffrey H. Sutherland, Cape May County Prosecutor, attorney; Gretchen A. Pickering, of counsel and on the briefs).

Regina M. Oberholzer, Deputy Attorney General, argued the cause for amicus curiae Attorney General of New Jersey (Gurbir S. Grewal, Attorney General, attorney; Regina M. Oberholzer, of counsel and on the brief).

1

Defendant Isiah T. McNeal entered into a plea agreement as a global resolution of the numerous indictments returned against him. To dispense with an indictment for attempted murder, defendant agreed to plead guilty to second-degree aggravated assault, contrary to N.J.S.A. 2C:12-1(b)(1). To dispose of four other indictments, he agreed to plead guilty to third-degree theft by unlawful taking, contrary to N.J.S.A. 2C:20-3(a); third-degree conspiracy to manufacture or distribute a controlled dangerous substance, contrary to N.J.S.A. 2C:35-5(a)(1); fourth-degree throwing bodily fluids at law enforcement officers, contrary to N.J.S.A. 2C:12-13; and fourth-degree riot, contrary to N.J.S.A. 2C:33-1(a). The plea agreement provided defendant would be sentenced to an eight-year term of imprisonment subject to the No Early Release Act's eighty-five percent parole disqualifier, N.J.S.A. 2C:43-7.2, for the aggravated assault charge, and a concurrent thirteen-year flat term of imprisonment for the other four charges.

At the first plea hearing, defendant repudiated the agreement, because of an apparent misunderstanding about how the concurrent thirteen-year sentence would affect his period of parole ineligibility. The record shows defendant

thought the thirteen-year sentence would "override" the eight-year sentence and, ostensibly, that he would not be subject to the parole disqualifier.

Two days after abandoning the plea agreement, defendant entered into a new plea agreement that was identical to the first, save for a two-year increase in his sentence on the aggravated assault charge. At this second plea hearing, defense counsel informed the court "that there was a number given to Mr. McNeal specifically that he would be entitled to 2438 days' jail credit." Defense counsel further stated that it had been represented to him and defendant that defendant would be entitled to the 2438 days of jail credit.

The State responded that, while defendant was entitled to whatever jail credit the law provided, it did not make sense that he would get credit for six years when he had been held in jail for less than three years. The State opined that the number given to defendant may have been a miscalculation, and said it would not agree that defendant would receive that amount of credit. The State also noted that it believed defendant would have to serve the entire period of parole ineligibility. As the following excerpts show, the court then thoroughly discussed the issue with defendant, who affirmed that he was not entering the plea agreement assuming the 2438 days of jail credit would be applied to the period of parole ineligibility:

> The Court: So I cannot represent to you right now whether the jail credit, which is the jail credit that will

3

-- that has been provided to me is that 2,438. I cannot represent to you how that will affect you on this sentence and, in particular, the parole ineligibility. Do you understand that?

Defendant: Yeah.

The Court: You understand in other words that you're entering into this plea negotiation -- if I accept it -- understanding that nobody's making you any promises other than the fact that that is your jail credit. Even -- it's going to actually be more by the time your sentence -- your sentence it [sic] put through.

Defendant: Yes, I understand that.

The Court: Okay. So . . . any plea . . . negotiations that you're entering into should not be entered into by you thinking that 2,438 days comes out to 6 years and you're -- that's all going to go towards your parole ineligibility. It may; I just can't represent it to you, and I don't want you to accept this plea thinking that anybody is telling you that it is going to be applied to your parole ineligibility. Do you understand that?

Defendant: Yes.

. . . .

The Court: Okay. So again, Mr. McNeal, you're entering into this guilty plea and you understand that there's no representation made as to how those credits would be applied in particular to your sentence and/or to your parole ineligibility; is that correct?

Defendant: Yes.

Defendant's plea was accepted, and at sentencing the presentence report listed the accrued jail credit for each of the final charges separately, amounting to a total of 4727 days. Defendant argued that all of the credit should be applied to the aggravated assault charge even though he had accrued only 1012 days on that charge according to the presentence report. The court applied 3715 days of jail-time credit to the thirteen-year flat sentence, and 1012 days of credit to the ten-year aggravated assault charge. Defendant did not object.

Defendant appealed, alleging the amount of jail credit he was told he would receive was misrepresented and he should be permitted to move to withdraw his guilty plea. The Appellate Division rejected defendant's argument stating, "While misrepresentations regarding jail credit may upend a . . . plea, a review of the record in its entirety contradicts defendant's claim." We granted defendant's petition for certification, 235 N.J. 450 (2018), and now affirm.

## II.

"A defendant has the right not to be 'misinformed' about a material element of a plea agreement and to have his or her 'reasonable expectations' fulfilled." State v. Bellamy, 178 N.J. 127, 134 (2003) (citing State v. Howard, 110 N.J. 113, 122 (1988); State v. Nichols, 71 N.J. 358, 361 (1976)). "Generally, a defendant seeking to vacate a plea must show that he or she was

misinformed of the terms of the agreement or that his or her reasonable expectations were violated." Id. at 134-35. "Defendant is also entitled to withdraw a guilty plea if the court imposes a harsher sentence than that contemplated by the plea agreement." Id. at 135.

Jail credits are a means for avoiding double punishment and safeguarding equal protection and fundamental fairness. State v. Hernandez, 208 N.J. 24, 36 (2011). An incorrect calculation of a defendant's jail credits may impact the voluntariness of the guilty plea. See Sheil v. State Parole Bd., 244 N.J. Super. 521, 528 (App. Div. 1990) (remanding for a hearing where defendant reasonably may have expected his period of parole ineligibility could be reduced by gap-time credits); State v. Alevras, 213 N.J. Super. 331, 338 (App. Div. 1986) ("[I]n certain circumstances, a defendant's misunderstanding of credits may affect his understanding of the maximum exposure. Hence, a guilty plea based on this misunderstanding may fail to satisfy the constitutional requirement that a plea be voluntarily, intelligently and knowingly entered . . . ."). In State v. C.H., we curbed double-counting by clarifying that jail credits must be applied day-for-day to the front-end of the sentence, including any period of parole ineligibility. 228 N.J. 111, 117, 121 (2017).

## III.

We agree with the Appellate Division, here, that defendant was repeatedly and explicitly warned that the estimated 2438 days of jail credit may not affect his period of parole ineligibility and that he should not enter the plea agreement expecting as much.

Taken as a whole and noting particularly the strong and clear message sent from the judge at the end of the colloquy before accepting the plea, the court curbed any effective misrepresentation that defendant claimed to exist in this plea transcript. Future courts should take note of the effective steps taken by the plea court here. It was made clear to defendant that the jail credits should not be relied upon to assume his parole ineligibility period. That notion was clearly stated no less than three times, to which the defendant affirmatively registered his understanding. While there was one statement -- "[N]obody's making you any promises other than the fact that that is your jail credit" -- which could, out of context, be viewed as misleading, the statement did not contradict the judge's repeated and unequivocal point that the defendant should not presume that the provided jail credit would apply to his parole ineligibility period -- regardless of what that jail credit might be. And the exchange ended with that clear message: "I don't want you to accept this

plea thinking that anybody is telling you that [the jail credits are] going to be applied to your parole ineligibility."

Defendant affirmed his understanding and did not object later when the presentence report segregated the credits between the charges or when the court declined to apply the entire amount to the aggravated assault charge. Defendant cannot now credibly argue that he relied on a belief that all 2438 days would be applied to his term of parole ineligibility. Any such reliance despite the court's clear admonition would have been unreasonable.

Furthermore, defendant ultimately obtained 4727 days of jail credit despite only spending a total of 1060 days in prison. As we explained in C.H., defendants are not entitled to more credit than the actual period of incarceration served. Defendant enjoyed a substantial windfall on his thirteen-year flat sentence due to the more-than-triple-counting of his actual prison stay. If anything, defendant's ultimate sentence was better than he reasonably could have expected.

## IV.

The judgment of the Appellate Division is affirmed.

CHIEF JUSTICE RABNER and JUSTICES LaVECCHIA, ALBIN, PATTERSON, FERNANDEZ-VINA, SOLOMON, and TIMPONE join in this opinion.

8