# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jarmall Gray,                                  :
                          Petitioner           :
                                               :
              v.                               :    No. 1017 C.D. 2019
                                               :    Submitted: January 17, 2020
Pennsylvania Board of Probation                :
and Parole,                                    :
                          Respondent           :


**BEFORE:**     **HONORABLE RENÉE COHN JUBELIRER,** Judge
                **HONORABLE ANNE E. COVEY,** Judge
                **HONORABLE CHRISTINE FIZZANO CANNON,** Judge


<u>**OPINION NOT REPORTED**</u>

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**                          **FILED: April 8, 2020**


Jarmall Gray petitions for review of the April 12, 2019 Order of the Pennsylvania Board of Probation and Parole (Board) that denied Gray's Petition for Administrative Review challenging the Board's denial of credit toward his original sentence for time he spent in presentence confinement on both new criminal charges and the Board's detainer. Based on its credit calculations, the Board recalculated Gray's parole violation maximum date from February 18, 2019, to May 14, 2023. On appeal, Gray argues the Board erred in recalculating his parole violation maximum date because it improperly denied him credit for time he spent in presentence custody on the Board's detainer.

On November 15, 2013, the Board paroled Gray from his original sentence,[1] which had a maximum date of February 18, 2019, and he was released on February 18, 2014. On March 9, 2016, Gray was arrested on new criminal charges, including aggravated and simple assault. (Certified Record (C.R.) at 16-17, 20.) The Board issued a Warrant to Commit and Detain on the same day. Gray did not post bail on the new charges and remained confined on both the new charges and the Board's detainer. On March 2, 2018, Gray pled guilty to two counts of aggravated assault (at separate docket numbers) and one count of endangering the welfare of children. (Id. at 29, 31.) He was sentenced to two years to four years of incarceration, with credit for time served, for each of the aggravated assault charges, and three years' probation for the endangering the welfare of a child charge to run concurrent with Gray's confinement. (Id. at 29, 31, 33-35.) Gray's presentence confinement, from March 9, 2016, to March 2, 2018, was less than the two-year minimum of his new sentences.

The Board issued a Notice of Charges and Hearing reflecting the March 2, 2018 convictions, which Gray executed. (Id. at 37.) Gray waived his rights to counsel and a revocation hearing, and admitted that he was convicted of the new charges. (Id. at 40-41.) The Board issued an Order to Recommit, which denied Gray credit for his time spent at liberty on parole and for his presentence confinement. (Id. at 76.) Based on that credit determination, the Board recalculated Gray's new parole violation maximum date as May 14, 2023, the result of adding the 1826 days between the day Gray was released on parole,

---

[1] Gray was found guilty on one drug charge and pled guilty to another drug charge and was sentenced to, respectively, a minimum of 5 years to 10 years of incarceration, with an underlapping concurrent sentence of 3 years to 6 years. (Certified Record (C.R.) at 1-2.)

February 18, 2014, and his original maximum sentence, February 18, 2019, to his return to custody date, May 14, 2018. (*Id.*) By Notice of Board Decision mailed August 2, 2018, the Board recommitted Gray as a convicted parole violator (CPV) to serve 36 months' backtime.

Gray filed a Petition for Administrative Review on August 28, 2018, asserting a sentence credit challenge. (*Id.* at 83-84.) By Order mailed April 12, 2019, the Board affirmed the decision mailed August 2, 2018. (*Id.* at 86-87.) Therein, the Board explained that when Gray was paroled on February 18, 2014, he had 1826 days remaining on his sentence, and because the Board did not give him credit for his time spent at liberty on parole, all of those days remained on his sentence when he was recommitted. Noting that Gray had been arrested on the new charges and detained by the Board on March 9, 2016, did not post bail on the new charges, and was sentenced to state confinement on the new charges on March 2, 2018, the Board explained it did not award Gray any backtime credit toward his original sentence, thereby leaving the full 1826 days remaining. Any confinement time remaining in question, the Board indicated, would go toward Gray's new conviction once he starts serving that sentence. Further, the Board stated, because Gray could not begin re-serving his original sentence until he was recommitted as a CPV, which did not occur until May 14, 2018, that was the date the Board used to recalculate his new parole violation maximum date. Gray now petitions this Court for review.[2]

---

[2] Our review in parole revocation cases "is limited to a determination of whether necessary findings are supported by substantial evidence, [whether] an error of law was committed, or whether constitutional rights of the parolee were violated." *Johnson v. Pa. Bd. of Prob. & Parole*, 706 A.2d 903, 904 (Pa. Cmwlth. 1998).

Gray's pro se Petition for Review, challenging the April 12, 2019 Order, is dated July 24, 2019, and was mailed on July 29, 2019. Pennsylvania Rule of Appellate Procedure 1512(a)(1), Pa.R.A.P. 1512(a)(1), provides that "[a] petition for review of a quasijudicial order . . . shall be filed with the prothonotary of the appellate court **within 30 days** after the entry of the order." (Emphasis added.) This rule applies to appeals from decisions of the Board. *Hill v. Pa. Bd. of Prob. & Parole*, 683 A.2d 699, 701 (Pa. Cmwlth. 1996). "Because the timeliness of an appeal is . . . jurisdictional . . . , the Court may raise this issue, sua sponte, at any time." *Id.* "[T]he time for taking an appeal cannot be extended as a matter of grace or mere indulgence." *J.A. v. Dep't of Pub. Welfare*, 873 A.2d 782, 785 (Pa. Cmwlth. 2005) (internal quotation and citation omitted). Both July 24, 2019, and July 29, 2019, are more than 30 days after April 12, 2019, and, therefore, Gray's Petition for Review is untimely.

However, "[a] delay in filing an appeal that is not attributable to the parolee, such as the intervening negligence of a third[]party or a breakdown in the administrative process, may be sufficient to warrant *nunc pro tunc* relief." *Smith v. Pa. Bd. of Prob. & Parole*, 81 A.3d 1091, 1094 (Pa. Cmwlth. 2013). In addition to showing a breakdown in the administrative process, a petitioner who seeks to file an appeal *nunc pro tunc* "needs to establish that: (1) [he] filed the appeal shortly after learning of and having an opportunity to address the untimeliness; (2) the elapsed time is one of very short duration; and (3) the respondent will not suffer prejudice due to the delay." *Id.* (quoting *J.A.*, 873 A.2d at 785 n.4). In short, a petitioner seeking *nunc pro tunc* relief "must proceed with reasonable diligence once he knows of the necessity to take action." *Id.* (quoting *Kaminski v. Montgomery Cty. Bd. of Assessment Appeals*, 657 A.2d 1028, 1031 (Pa. Cmwlth.

4

1995)).  A petitioner attempting to file an untimely appeal bears "a heavy burden to justify" the untimeliness.  *Blast Intermediate Unit # 17 v. Unemployment Comp. Bd. of Review*, 645 A.2d 447, 449 (Pa. Cmwlth. 1994).

Gray provided an explanation for the delay in his Petition for Review. Therein, Gray states that he

> strongly contends that **[he] is filing this Petition[] beyond the filing date[] due [to] Governmental Interference**, and asserts further that the **Respondents have purposely mailed their "Administrative Board Decision," through the Pa. D.O.C. Third[-]party cont[r]actor, (Smart Communications) in an effort to delay the Petitioner's appeal**.  The Respondents[] have direct knowledge that all mail forwarded to the Third[-]party [c]ontractor is **delayed at least by Ten (10) +/- to Fourteen (14) Days**.

(Petition for Review ¶ 2 (emphasis added).)  This appears to be an allegation of fraud or an administrative breakdown on the Board's part.  However, even accepting this averment as true, the delay alleged to result from the use of Smart Communications is 10 to 14 days.  The Board's Order was mailed on April 12, 2019, adding 14 days to that date to account for the delay suggests that Gray received the Order by April 26, 2019, leaving 17 days remaining in the 30-day appeal period.  Even if the Board's Order took longer than normal to reach Gray, Gray's Petition for Review was not filed until **103** days after the Board's Order was mailed.  Other than his averments regarding the initial delay, Gray provides no explanation as to how he acted diligently once he received the Board's Order, even if such receipt was delayed as alleged, or why the Petition for Review was not filed

until July 2019. For these reasons, we are constrained by precedent to hold that Gray has not met his heavy burden of justifying his untimely appeal.[3]

---

[3] Even if we were to consider Gray's appeal, he would not prevail. Gray argues the Board abused its discretion in recalculating his maximum date because it improperly denied him credit for the time he spent confined on both the Board's detainer and on the new charges based on the equitable principles set forth in *Martin v. Pennsylvania Board of Probation and Parole*, 840 A.2d 299, 305 (Pa. 2003), as applied in *Jones v. Pennsylvania Board of Probation and Parole*, 872 A.2d 1283, 1284-85 (Pa. Cmwlth. 2005), and extended in *Baasit v. Pennsylvania Board of Probation and Parole*, 90 A.3d 74 (Pa. Cmwlth. 2014), *disapproved of in Smith v. Pennsylvania Board of Probation and Parole*, 171 A.3d 759 (Pa. 2017). However, the time a parolee spends confined prior to sentencing is credited toward the parolee's original sentence **if the parolee satisfies the bail requirements and remains confined only on the Board's detainer**. *Gaito v. Pa. Bd. of Prob. & Parole*, 412 A.2d 568, 571 (Pa. 1980). When bail is not posted and the parolee is confined on both the new charges and the Board's warrant, the presentence time is applied to the new sentence unless it is not possible to apply all of that time to the new sentence. *Martin*, 840 A.2d at 305, 309; *Armbruster v. Pa. Bd. of Prob. & Parole*, 919 A.2d 348, 353-54 (Pa. Cmwlth. 2007). Thus, for example, if the new charges are withdrawn, the parolee is sentenced only to a period of time served, or the new sentence's maximum is less than the time spent in presentence confinement, credit for any excess time should be applied toward the original sentence. *Martin*, 840 A.2d at 308-09; *Armbruster*, 919 A.2d at 353-54; *Hears v. Pa. Bd. of Prob. & Parole*, 851 A.2d 1003, 1007 (Pa. Cmwlth. 2004). It is well settled that sentence credit cannot be applied to both the original sentence and the new sentence. *Barndt v. Pa. Dep't of Corr.*, 902 A.2d 589, 595 (Pa. Cmwlth. 2006) (precluding the award of double credit).

Gray does not dispute that he was being confined on both the new charges and the Board's detainer, and he does not assert that his sentence on the new charges was shorter than his presentence confinement. Nor can he based on the record. Instead, he relies on *Baasit*'s discussion of flexibility in the Board's credit decisions, based on *Martin*'s equitable principles, to argue he should have received credit for his time in presentence custody against his original sentence. However, our Supreme Court expressly disapproved of *Baasit* in *Smith*, 171 A.3d at 767-69. Gray's reliance on *Jones* is misplaced because, in that case, the parolee was paroled from his new sentence within 48 hours of his initial arrest, and, therefore, but for those 48 hours, the parolee was serving only his original sentence based on the Board's warrant. Here, Gray was detained on both the Board's warrant and the new charges and his sentence on the new charges exceeded his presentence confinement. Therefore, *Martin* and *Jones* do not apply, and Gray's presentence confinement is credited toward his new sentence, as is any time between the sentencing on the new charges and the Board's revocation decision, which occurred on May 14, 2018, the date a second Board member agreed to revoke Gray's parole. *See Barnes v. Pa. Bd. of Prob. & Parole*, 206 A.3d 382, 391-92 (Pa. Cmwlth. 2019). To hold, as Gray argues, that the
**(Footnote continued on next page…)**

Therefore, we have no choice but to dismiss Gray's Petition for Review as untimely.

_____
**RENÉE COHN JUBELIRER,** Judge

_____
**(continued…)**
Board had to also give him credit for that period against his original sentence would result in an impermissible double credit. *Barndt*, 902 A.2d at 595. Accordingly, the Board did not abuse its discretion in denying Gray credit for the time he spent in presentence confinement in this matter.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jarmall Gray,                                        :
                            Petitioner               :
                                                     :
                v.                                   :    No. 1017 C.D. 2019
                                                     :
Pennsylvania Board of Probation                      :
and Parole,                                          :
                            Respondent               :

# **O R D E R**

**NOW**, April 8, 2020, the Petition for Review filed by Jarmall Gray on July 29, 2019, seeking review of the April 12, 2019 Order of the Pennsylvania Board of Probation and Parole, is **DISMISSED** as untimely.

_____
**RENÉE COHN JUBELIRER,** Judge