**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3170-18T1

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

BRANDON SMITH,

     Defendant-Appellant.

_____

Submitted May 11, 2020 – Decided June 1, 2020

Before Judges Geiger and Natali.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment Nos. 14-05-0560 and 14-05-0570.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Christopher L. C. Kuberiet, Acting Middlesex County Prosecutor, attorney for respondent (Nancy Anne Hulett, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Brandon Smith appeals from a January 10, 2019 order denying his petition for post-conviction relief (PCR) after an evidentiary hearing. We affirm.

On February 9, 2014, defendant, previously convicted for attempted murder, entered a bar in Perth Amboy and pointed a gun at Edward Gonzalez. Under Indictment No. 14-05-560, a grand jury charged defendant with fourth-degree aggravated assault, N.J.S.A. 2C:12-l(b)(4) (count one), second-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(b) (count two), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a) (count three), third-degree riot, N.J.S.A. 2C:33-1(a)(3)(count four), and fourth-degree resisting arrest, N.J.S.A. 2C:29-2(a)(2) (count five). In a separate indictment, No. 14-05-570, defendant was charged with second-degree certain persons not to have weapons, N.J.S.A. 2C:39-7(b).

Pursuant to a negotiated agreement, defendant pled guilty to the second-degree possession of a weapon for an unlawful purpose charge (count three of Indictment No. 14-05-560) and the second-degree certain persons offense under Indictment No. 14-05-570. In return, the State agreed to dismiss the remaining charges and to recommend a five-year sentence with forty-two months of parole ineligibility on the possession of a weapon for an unlawful purpose charge with

a concurrent five-year sentence with sixty months of parole ineligibility on the certain person charge, along with applicable fines and penalties. In addition, the sentences were to run consecutively to the five-year sentence defendant was then serving for a parole violation. At sentencing, the court considered the aggravating and mitigating factors and sentenced defendant in accordance with the plea agreement. All remaining counts in Indictment No. 14-05-560 were dismissed.

Defendant did not appeal his conviction or sentence. Instead, he filed a PCR petition in which he maintained that his trial counsel was ineffective for misinforming him about the time he would effectively serve under the plea agreement. According to defendant, although he understood that his aggregate sentence under the plea agreement would run consecutive to that related to his parole violation, he claimed he had already received a parole date for that violation and his trial counsel incorrectly advised him that the parole date would not be affected by his plea. Defendant further claimed that as a result of pleading guilty to the weapons offenses, and contrary to his counsel's advice, his parole release date was changed resulting in him serving the complete five-year sentence. Defendant contended had his counsel advised him of this consequence, he would not have pled guilty to the weapons charges.

 A-3170-18T1

As explained by defendant's PCR counsel:

> [Defendant was] aware that he had two pending charges. He was also aware that the charges amounted to a violation of his parole and that is why he had been incarcerated. However, he believed that he would still be eligible for parole. In fact, as stated in the Defendant's supplemental certification, trial counsel told him, specifically that his parole date "was not going to change." Defendant understood that the two charges were going to run consecutively to the parole violation. But, he did not understand that his guilty plea was going to have such a detrimental effect on the parole violation sentence. This was not told to him.
>
> In effect, Defendant was given a ten[-]year sentence, not a five[-]year term. This was error. Reasonably competent counsel should have explained to Mr. Smith that his parole date was going to change. Competent counsel should have told him that he would not get paroled, but rather, because he entered these guilty pleas, he was going to have to serve the entire five years for the parole violation. Reasonably competent counsel would have told Defendant he was actually getting a ten[-]year sentence. Counsel should have told him he would have to serve ten years before being released.

After considering defendant's and his appointed counsel's submissions along with the oral arguments of the parties, the first PCR judge scheduled an evidentiary hearing. Judge Michael A. Toto, who was the plea and sentencing judge but not the initial PCR judge, conducted that hearing. Judge Toto took testimony from defendant's trial counsel and defendant.

4

Defendant's trial counsel testified that he had between five and ten conversations with defendant in which they discussed the discovery produced by the State, the strength of the State's evidence against him, and a possible plea deal. Counsel also recalled discussing the State's plea offer and the concepts of concurrent and consecutive sentences. As to the effect of the plea on his parole violation, counsel stated he advised defendant he would need to serve the five-year aggregate sentence offered by the State consecutive to the time defendant was currently serving for his parole violation. Counsel also testified that he was unsuccessful in negotiating a plea that would include a sentence that was concurrent to both his current charges and the sentence he was serving for his parole violation and he communicated that fact to defendant.

Counsel also testified that although he did not have a specific recollection regarding any inquiry defendant may have made regarding the effect of his plea on his parole date, he stated that if defendant raised the issue, he would have informed him that he could not predict his release date for his parole violation. Counsel specifically stated that he would have told defendant "effectively, I don't know when parole [is] going to parole you out. You've got the five year term[,] you've got to do it and it could be up to the five years." Defendant's counsel also testified that defendant, prior to entering his plea "manifested an

understanding that whatever happens [before] the parole board is beyond [counsel's] control."

Defendant's counsel also confirmed that the charges in the two indictments exposed defendant to multiple second-degree weapons charges and an extended term sentence. Accordingly, had defendant rejected the plea and was convicted at trial, he would have been exposed to a significantly longer period of incarceration, which also would have run consecutive to his parole violation sentence. Finally, counsel explained that the State's proofs against defendant were considerable. Indeed, the State's proofs included the fact that defendant, a convicted felon, pointed his gun at the victim in a public location. Defendant's actions were witnessed by numerous individuals and were recorded by a surveillance video. Defendant also confessed to police shortly after his arrest in a recorded statement.

Defendant's counsel also explained certain discrepancies on defendant's plea form. Specifically, counsel stated that the question asking if defendant was on parole was incorrectly circled "no." A separate question on the form, however, which asked if defendant was aware his sentence could run consecutive to his current sentence was answered in the affirmative.

Counsel also testified that he discussed defendant's parole status with him and noted that Judge Toto specifically raised the issue with defendant during the plea hearing, during which defendant acknowledged he was serving a five-year sentence for a parole violation. In this regard, Judge Toto explicitly informed defendant he would commence serving the sentence pursuant to the plea after he completed his sentence for the parole violation.

Defendant testified that when he conferred with his counsel, they discussed the plea offer which he described as "five with a five offer consecutive." Defendant stated he understood the difference between a consecutive and concurrent sentence and that the plea agreement included both a concurrent and consecutive sentence such that he would serve his current sentence after he completed serving his sentence for the parole violation. Defendant stated that at the time he pled guilty, he had already appeared before the parole board and "was given a twenty-nine-month hit which would have made [him eligible to] get parole in July 2017." According to defendant, his counsel advised him that if "[he] took the [plea] it wouldn't affect my parole date." Defendant stated that he took the plea, hoping "that he would get eight years." He admitted on cross-examination, however, that his counsel also

7

advised him that he could serve ten years and that discussion took place prior to his plea.

Judge Toto rendered a written opinion and concluded that defendant failed to satisfy either prong of the two-part test for ineffective assistance of counsel detailed in Strickland v. Washington, 466 U.S. 688 (1984) and adopted by the New Jersey Supreme Court in State v. Fritz, 105 N.J. 42 (1987).  With respect to prong one, Judge Toto, after having the opportunity to assess the credibility of defendant and his trial counsel, found that defendant understood the terms of the plea agreement and failed to establish that his trial counsel misadvised him regarding the penal consequences of the plea and that the plea would not affect his parole violation conviction resulting in defendant serving a sentence less than ten years.

More specifically, Judge Toto determined that defendant's trial counsel discussed the plea offer with him and its ramifications.  In this regard, he noted that defendant conceded during the evidentiary hearing that he was aware that the combined sentence could total ten years, he had knowledge that the two pending charges amounted to a parole violation, and the court informed him that those charges would run concurrently, but would be consecutive to the parole violation.

Judge Toto also relied upon his colloquy with defendant at the plea hearing where defendant referenced he was "going to do a five-year term" with respect to the parole violation.[1] He emphasized that the plea colloquy indicated defendant could not make a prima facie showing of ineffective assistance as

[1] The relevant plea colloquy between the court and defendant during the plea hearing is as follows:

> Q. . . . . What sentence are you serving now?
>
> A. Five years parole violation.
>
> Q. Okay. So, . . .you're going to do a five-year term?
>
> A. Yes.
>
> Q. . . . you understand that once you complete that term, whenever it is, then this sentence is going to start? You understand that, right?
>
> A. Yes.
>
> Q. Okay. And on this sentence you're looking at basically a five with a five, right?
>
> A. Yes.
>
> Q. Okay. And that means you have to serve all five of those years before you're eligible for parole. You understand that?
>
> A. Yes.

defendant had ample opportunity to raise his concerns regarding parole eligibility, how his guilty plea might affect his parole date, or when his parole violation sentence would begin.

Finally, Judge Toto found that defendant's claim that his attorney's misadvice prevented him from fairly evaluating his plea offer also failed for similar reasons. Relying again on the plea colloquy, he reemphasized that defendant understood his plea offer and sentence, and he discussed his sentencing exposure with counsel, but defendant failed to raise any of these issues during the plea hearing despite having an opportunity to do so.

On appeal, defendant limits his argument to the following single contention:

> POINT I
>
> [DEFENDANT] IS ENTITLED TO RELIEF ON HIS CLAIM THAT HIS ATTORNEY RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY MISADVISING HIM ABOUT HIS SENTENCE.

We find no merit to defendant's argument and affirm substantially for the reasons stated by Judge Toto in his eleven-page written decision of January 10, 2019. R. 2:11-3(e)(2). We provide the following comments to amplify the court's reasoning.

A-3170-18T1

Our review of an order granting or denying PCR involves consideration of mixed questions of fact and law. State v. Harris, 181 N.J. 391, 415-16 (2004). After a court has held an evidentiary hearing, we defer "to a PCR court's factual findings based on its review of live witness testimony" and will uphold findings that are "supported by sufficient credible evidence in the record." State v. Nash, 212 N.J. 518, 540 (2013). However, "we need not defer to a PCR court's interpretation of the law," which we review de novo. Id. at 540-41.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must show: (1) counsel's performance was deficient; and (2) the deficiency prejudiced the defense. Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. The Strickland test applies to challenges to guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). A defendant must establish that his attorney failed to provide advice that "was within the range of competence demanded of attorneys in criminal cases." Id. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). A defendant also must show "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. Further, as our Supreme Court recently explained in State v. McNeal, 237 N.J. 494 (2018), "[a] defendant has the right not to be 'misinformed' about a material element of a plea agreement and to have his or

her 'reasonable expectations' fulfilled." Id. at 499 (citing State v. Bellamy, 178 N.J. 127, 134 (2003) (other citations omitted)).

The record from the evidentiary hearing amply supports Judge Toto's finding that defendant entered his plea voluntarily and with a full understanding of its penal consequences and his counsel did not misadvise him. Judge Toto clearly informed defendant that the recommended sentence was an aggregate five-year term with an attendant five-year period of parole ineligibility that would be consecutive to the parole violation he was serving. After having an opportunity to evaluate the testimony of defendant and his trial counsel who the court deemed credible, Judge Toto concluded that trial counsel did not promise that defendant would serve a term less than ten years and, in this regard, defendant confirmed that counsel advised him he could serve ten years. As these factual and credibility findings were amply supported by substantial evidence elicited at the evidentiary hearing, they warrant our deference. See Nash, 212 N.J. at 540 (2013).

Further, as Judge Toto concluded, defendant failed to establish that he was prejudiced by counsel's alleged misadvice. There was substantial evidence of defendant's guilt and, had defendant proceeded to trial and was convicted, he faced an extended term sentence. Defendant also received the benefit of

12

dismissal of numerous other charges in Indictment 14-05-560 and received a concurrent rather than a consecutive sentence.

In sum, we agree with Judge Toto that defendant failed to establish that the alleged deficiencies of his trial counsel met either the performance or prejudice prong of the Strickland/Fritz test.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3170-18T1