# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1631-20

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

TROY R. LEONARD,

     Defendant-Appellant.

_____

Submitted February 28, 2022 – Decided March 9, 2022

Before Judges Fasciale and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Sussex County, Accusation Nos. 16-05-0200, 16-09-0368, and 18-10-0318.

Joseph E. Krakora, Public Defender, attorney for appellant (Karen A. Lodeserto, Designated Counsel, on the brief).

Francis A. Koch, Sussex County Prosecutor, attorney for respondent (Shaina Brenner, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

After pleading guilty, defendant appeals from a May 26, 2020 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. On appeal, defendant maintains that he established a prima facie case of ineffective assistance of counsel based on his plea counsel's failure to adequately advise him on the conditions of Parole Supervision for Life (PSL), N.J.S.A. 2C:43-6.4, and for failing to effectively advocate for a concurrent sentence. We disagree and affirm.

Defendant initially pled guilty to eight counts of second-degree sexual assault, N.J.S.A. 2C:14-2(b), and one count of second-degree health care fraud, N.J.S.A. 2C:21-4.3(a). Defendant was accused of touching numerous boys for his sexual gratification while working as a child and family counselor. Defendant also submitted claims to health insurance companies for services he did not perform.

In May 2016, defendant and his counsel had appeared at the plea hearing. As part of his plea agreement, the State agreed to recommend that defendant be sentenced to five years in prison subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the sexual assault charges. As for the health care fraud charge, the State agreed to recommend a five-year sentence to run consecutively to defendant's sentence on the sexual assault charges. On September 16, 2016,

defendant appeared before the sentencing judge with his two attorneys[1] to address an amendment to the plea agreement and for sentencing. Prior to sentencing, the plea agreement documents were amended to include two additional counts of second-degree sexual assault. The plea agreement remained the same, including the State's sentencing recommendation.

At sentencing, defendant's counsel argued that defendant should receive concurrent five-year sentences on both the sexual assault charges and health care fraud charge. Instead, pursuant to the plea agreement, the sentencing judge sentenced defendant to concurrent five-year terms of imprisonment on each charge of sexual assault and a consecutive five-year sentence on the health care fraud charge. The judge required defendant to comply with the registration requirements of Megan's Law, N.J.S.A. 2C:7-1 to -23, and subjected defendant to PSL.

---

[1] Defendant's two former attorneys represented him during plea negotiations and at sentencing. Defendant's PCR petition argues former counsel K.B., who argued on his behalf at the sentencing hearing, rendered ineffective assistance at sentencing. Defendant argues both former attorneys—K.B. and A.D.—did not explain to him the PSL consequences regarding living with his minor son.

Defendant did not appeal his sentences or conviction.[2] Defendant instead filed a PCR petition in April 2019. He alleged ineffective assistance of counsel because his former counsel did not sufficiently argue the mitigating factors or challenge the aggravating factors to the sentencing judge and failed to advise defendant of a PSL condition prohibiting residence with his minor son upon release. The PCR judge rendered an oral opinion and entered an order denying defendant's petition for PCR without an evidentiary hearing.

Defendant raises the following arguments for our consideration:

POINT ONE

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL K.B. REGARDING HIS FAILURE TO CHALLENGE THE SENTENCING [JUDGE'S] IMPOSITION OF CONSECUTIVE SENTENCES REGARDING SECOND-DEGREE INSURANCE FRAUD CHARGE

---

[2] On October 22, 2018, defendant pled guilty to third-degree endangering the welfare of a minor, N.J.S.A. 2C:24-4(a)(1). Defendant was sentenced to a four-year prison term to run concurrent to the previously sentenced charges. The endangering the welfare of a minor charge is unrelated to defendant's PCR petition.

WITHOUT FIRST CONDUCTING A <u>YARBOUGH</u>[3] ANALYSIS.[4]


POINT TWO

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL REGARDING HIS FAILURE TO RAISE MITIGATING FACTORS ON BEHALF OF HIS CLIENT AT SENTENCING, AND TO CHALLENGE AGGRAVATING FACTORS.

POINT THREE

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] WITHOUT GRANTING AN EVIDENTIARY HEARING AS TESTIMONY IS NEEDED FROM PRIOR COUNSELS REGARDING THE ADVICE THEY GAVE TO [DEFENDANT] REGARDING THE PSL STATUTE.

POINT FOUR

THE PCR [JUDGE] ERRED IN DENYING [DEFENDANT'S] PETITION FOR [PCR] AS TESTIMONY IS NEEDED FROM PRIOR COUNSEL[] REGARDING THEIR FAILURE TO ADVISE [DEFENDANT] THAT HE WOULD BE

---

[3] <u>State v. Yarbough</u>, 100 N.J. 627 (1985).

[4] We acknowledge that our Court recently addressed the standards for imposing consecutive sentences in <u>State v. Torres</u>, 246 N.J. 246 (2021), but that decision is not relevant to this appeal.

UNABLE TO RESIDE WITH HIS SON UPON HIS RELEASE.

I.

We review a PCR judge's legal conclusions de novo. State v. Harris, 181 N.J. 391, 419 (2004). Where, as here, the PCR judge does not hold an evidentiary hearing, it is within our authority "to conduct a de novo review of both the factual findings and legal conclusions" of the PCR judge. Ibid.

To establish a prima facie claim of ineffective assistance of counsel, a defendant must satisfy the two-pronged test enumerated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). To meet the first Strickland/Fritz prong, a defendant must establish that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." 466 U.S. at 687. The defendant must rebut the "strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. Thus, we consider whether counsel's performance fell below an objective standard of reasonableness. Id. at 687-88.

To satisfy the second Strickland/Fritz prong, a defendant must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. A defendant must establish "a reasonable

6

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[I]f counsel's performance has been so deficient as to create a reasonable probability that these deficiencies materially contributed to defendant's conviction, the constitutional right will have been violated." Fritz, 105 N.J. at 58. In the context of plea offers, "a defendant must show the outcome of the plea process would have been different with competent advice." Lafler v. Cooper, 566 U.S. 156, 163 (2012).

A.

In Points I and II, defendant argues his counsel rendered ineffective assistance at sentencing: (1) by not challenging the sentencing judge's alleged failure to conduct a Yarbough analysis before adhering to the plea agreement's recommendation and imposing a consecutive sentence on the health care fraud charge, and (2) by not sufficiently raising mitigating factors to the sentencing judge.

Our Court has emphasized that "when imposing either consecutive or concurrent sentences, '[t]he focus should be on the fairness of the overall sentence,' and that [trial judges] should articulate the reasons for their decisions with specific reference to the Yarbough factors." State v. Abdullah, 184 N.J.

497, 515 (2005) (first alteration in original) (quoting State v. Miller, 108 N.J. 112, 122 (1987)). In fact, Yarbough requires that the sentencing judge provide "the reasons for imposing either a consecutive or concurrent sentence . . . separately stated in the sentencing decision." 100 N.J. at 643.

The State concedes that the sentencing judge "did not separately state [his] reasons for the imposition of a consecutive sentence in this case." The sentencing judge stated, "as to the issue of the aggravating and mitigating factors, if I did not already cover this issue, clearly the aggravating factors in this case severely and overwhelmingly preponderate over any mitigating factors." The sentencing judge found,

> [j]ust before we conclude, on the aggravating and the mitigating factors yet again, I find that the [aggravating] factors in this case are two, three, four, nine, [ten], [eleven], and [twelve]. I've reviewed each of those factors. I find each of them directly applies to this case. I find that mitigating factor number seven applies. I do not find that mitigating factor number two is applicable, nor do I believe that mitigating factor number six applies.

In State v. S.C., 289 N.J. Super. 61, 70 (App. Div. 1996), this court found a remand on direct appeal was not necessary when the trial judge "did not expressly articulate the reasons for imposing consecutive sentences." As the consecutive sentence was pursuant to a plea agreement and consistent with the

A-1631-20

<u>Yarbough</u> guidelines, this court determined there was no abuse of discretion. <u>Id.</u> at 70-71. The PCR judge, applying <u>S.C.</u>, found the sentencing judge's reasoning supported consecutive sentencing despite "not specifically mention[ing] <u>Yarbough</u>." The sentencing judge noted that the plea agreement addressed the victimization of the sexual assault victims and their families, while society was the victim of defendant's health care claims fraud. The PCR judge correctly concluded that "while <u>Yarbough</u> was not specifically mentioned, the essence of the [sentencing judge's] comments in my view, support the conclusion that . . . the theory of <u>Yarbough</u> was set into motion by the sentence that was imposed."

The sentencing judge's failure to expressly state his application of the facts to each <u>Yarbough</u> factor does not present reversible error, whether on this PCR appeal or a direct appeal. <u>See</u> <u>ibid.</u> Defendant's contention on the absence of reasons for the imposition of consecutive sentences also does not relate to the issue of the sentence's "legality" and is therefore not appropriate for PCR. <u>See</u> <u>State v. Acevedo</u>, 205 N.J. 40, 47 (2011); <u>see also</u> <u>State v. Flores</u>, 228 N.J. Super. 586, 596-97 (App. Div. 1988). Moreover, the sentencing judge's purported neglect in addressing each <u>Yarbough</u> factor does not necessarily equate to ineffective assistance of counsel.

A-1631-20

"The Code requires the sentencing [judge] to look at the individual offender in balancing the defined aggravating and mitigating factors (including the defendant's prior record, cooperation, or the likelihood of further criminal conduct) to determine the range of the sentence, a parole disqualifier, or an extended term." Yarbough, 100 N.J. at 636. Our Court has acknowledged that "the failure to present mitigating evidence or argue for mitigating factors [constitutes] ineffective assistance of counsel—even within the confines of the plea agreement." State v. Hess, 207 N.J. 123, 154 (2011). But sentencing counsel's "failure to raise unsuccessful legal arguments does not constitute ineffective assistance of counsel." State v. Worlock, 117 N.J. 596, 625 (1990).

On appeal and during the PCR hearing, defendant maintains his sentencing counsel should have raised an Avenel report, which contained information that defendant experienced abuse as a child in support of mitigating factors two and four. We are satisfied from our review of the record that defendant has failed to meet his burden of demonstrating his counsel's representation at sentencing "fell below an objective standard of reasonableness" when arguing for the application of mitigating factors. Strickland, 466 U.S. at 687-88.

Defendant's counsel argued at sentencing:

> Weighing aggravating and mitigating factors, I can't deny that some weight should be given to aggravating factors two, three, four, nine, [ten,] and [eleven]. We believe mitigating factors two, six, and seven should apply or being given some weight, understanding that the aggravating factors outweigh the mitigating factors, given the fact that we have engaged in extensive plea negotiations, extensive conferences in relation to resolving this matter for [defendant] with the State.

The sentencing judge determined that only mitigating factor seven applied. The PCR judge examined each of defendant's alleged mitigating factors and determined that even if defendant's sentencing counsel argued more vigorously in favor of their application, the result of the sentencing hearing would not have been different.

As for mitigating factor two, the defendant did not contemplate that his conduct would cause or threaten serious harm, N.J.S.A. 2C:44-1(b)(2), the PCR judge concluded it was likely not applicable because defendant was "resourceful in terms of grooming these various victims" by "providing money to them, the money he had illegally obtained from the fraud claims" and "inappropriately and unlawfully touching these victims in their [genital] area[s]." The PCR judge's factual findings and legal conclusion are supported by the record at sentencing, which includes the victim impact statements and pre-sentence report.

A-1631-20

As for mitigating factor four, substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense, N.J.S.A. 2C:44-1(b)(4), defendant points to an Avenel report that explained that he "was sexually abused by a neighbor, who was a police officer, when he was between the ages of [five to thirteen]." The PCR judge found that defendant had not provided any affidavit or further information, either in his certification on his petition for PCR or during sentencing or pleading, about his experience being abused as a minor. Defendant's sentencing counsel raised the Avenel report and informed the judge that it was attached to the pre-sentence report for his consideration. Without any further details or certification about defendant's history of abuse, there is not a reasonable probability that the sentence would have been different.

## B.

In Point IV, defendant primarily maintains that his former attorneys rendered ineffective assistance by failing to advise him about a PSL condition that could prohibit him from residing with his minor son upon release. This contention is belied by the record. As the PCR judge indicated, defendant was fully aware that being subject to PSL could result in restrictions on his living arrangements.

12

"It is clear that a guilty plea may be accepted only if the defendant understands the consequences of the plea." State v. Jamgochian, 363 N.J. Super. 220, 224 (App. Div. 2003). "A defendant has the right not to be 'misinformed' about a material element of a plea agreement and to have his or her 'reasonable expectations' fulfilled." State v. McNeal, 237 N.J. 494, 499 (2019) (quoting State v. Bellamy, 178 N.J. 127, 134 (2003)). "Traditionally, the determination of whether [a] defendant must be informed of certain consequences of his plea turns on whether those consequences are 'direct or penal,' in which case [the] defendant must be informed, or 'collateral,' in which case [the] defendant need not be informed." Bellamy, 178 N.J. at 137 (quoting State v. Heitzman, 209 N.J. Super. 617, 622 (App. Div. 1986)).

PSL is a special sentence imposed for conviction of certain sex offenses in addition to the sentences imposed for the specific sex offenses. N.J.S.A. 2C:43-6.4(a). PSL "follows immediately after the parolee's release from incarceration, if applicable, and includes specified conditions by which he or she must abide." J.B. v. N.J. State Parole Bd., 433 N.J. Super. 327, 336-37 (App. Div. 2013). The consequences of PSL are penal and as such, a defendant must be informed of them. State v. Perez, 220 N.J. 423, 441 (2015).

Defendant specifically points to the Parole Board's ability to impose the condition requiring that a sex offender "[r]efrain from residing with any minor without the prior approval of the District Parole Supervisor, or his or her designated representative, or the appropriate court. Staying overnight at a location where a minor is present shall constitute residing with any minor for the purpose of this condition." N.J.A.C. 10A:71-6.12(e)(3).

Defendant certified that when he was answering the forms' questions, it was his understanding that "minor children" referred to "children to whom [he] was not related" and that his counsel never explained to him that he might not be able to live with his son. He certified that his "attorneys explained [p]arole may be involved, with regards to approving or denying housing placements with children, to ensure [his] son's safety but no explanation of a total ban featured on my [j]udgment of [c]onviction (JOC) was discussed."

During the first plea hearing, the plea judge asked defendant whether he understood that as a consequence of his plea, being sentenced to PSL

> means that upon release from incarceration you will be supervised by the Division of Parole for at least [fifteen] years and you will be subject to provisions and conditions of parole including conditions appropriate to protect the public and foster rehabilitation such as but not limited to counseling, [i]nternet access or use, and other restrictions which may include restrictions on

> where you can live, work, travel or persons you can contact?

Defendant answered, "Yes." The judge asked defendant if he understood that "the restrictions on whether you can live may include restrictions on residing in a home with minor children," to which defendant answered, "Yes." Defendant also testified that his counsel explained to him the conditions of PSL, that he understood them, and that he did not have any questions for his counsel or his judge regarding PSL. When answering the "Additional Questions for Certain Sexual Offenses" portion of the plea form, defendant answered that he understood his plea would result in a special sentence of PSL. Defendant answered that he understood the restrictions on where he can live could include "restrictions on residing in a home with minor children."

The PCR judge correctly rejected defendant's claims as to his counsel's ineffectiveness in informing him of the PSL conditions. There is no evidence of counsel's deficient performance because, as the PCR judge noted, on three occasions, defendant "was put under oath and questioned extensively about his understanding of the plea agreement and the potential consequences of the plea." Defendant certified that his attorneys discussed the possibility that PSL could impact living arrangements for his son's safety. As for prejudice, defendant did not appeal his convictions and is not challenging his guilty plea or seeking a

15

new trial on his petition for PCR. Defendant produced no competent evidence to demonstrate with "reasonable probability" the result would have been different.

## II.

In Point III, defendant argues the PSL statute is unconstitutional as a violation of the separation of powers doctrine set forth in Article III, Paragraph 1 of the New Jersey Constitution. Defendant's constitutional argument is not ripe for review. We are hesitant to entertain facial constitutional challenges because they often rest on speculation and risk the premature interpretation of a statute. See J.B., 433 N.J. Super. at 345. Defendant is still serving his sentence in State prison and has not become parole-eligible yet. He is not subject to any PSL conditions, nor has he been charged with violating any of those conditions. Defendant's separation of powers challenge is therefore premature.

We are not required to address the merits of defendant's constitutional challenge, but we nonetheless conclude it is without merit. Our Court has previously upheld community supervision for life (CSL)[5] as a lawful form of indefinite parole. Riley v. N.J. State Parole Bd., 219 N.J. 270, 288 (2014). The

---

[5] CSL was replaced with PSL in 2004. See L. 1994, c. 130, § 2 (codified at N.J.S.A. 2C:43-6.4 (1995)); L. 2003, c. 267, § 1 (PSL effective Jan. 14, 2004).

A-1631-20

Court has "acknowledged that the State has a significant interest in ensuring adherence to the restrictive conditions imposed pursuant to PSL and CSL 'to protect the public from recidivism by defendants convicted of serious sexual offenses.'" J.B. v. N.J. State Parole Bd., 229 N.J. 21, 41 (2017) (quoting Jamgochian v. N.J. State Parole Bd., 196 N.J. 222, 237-38 (2008)).

In State v. Bond, 365 N.J. Super. 430, 441 (App. Div. 2003), the defendant argued that "the Parole Board's promulgation of CSL conditions . . . violates the separation of powers doctrine." We rejected the defendant's argument, finding that the Legislature's delegation of power to the Parole Board to set forth CSL conditions constitutional. Id. at 442-43. The reasoning in Bond applies with equal force to PSL, as "a reasonable interpretation of the legislative purpose behind the statute is that the Legislature took notice of a pre-existing statutory scheme" when replacing CSL with PSL. Id. at 443.

### III.

Finally, we reject defendant's contention that he was entitled to an evidentiary hearing. A defendant is entitled to an evidentiary hearing only when he or she "has presented a prima facie [case] in support of [PCR,]" meaning that "the defendant must demonstrate a reasonable likelihood that his or her claim will ultimately succeed on the merits." State v. Marshall, 148 N.J. 89, 158

17

(1997) (first alteration in original) (quoting <u>State v. Preciose</u>, 129 N.J. 451, 462 (1992)).  Having failed to prove deficient performance or prejudice, defendant has not established a prima facie case of ineffective assistance of counsel, and thus he is not entitled to an evidentiary hearing.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

18

A-1631-20