STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JAMES NICHOLS, DEFENDANT-APPELLANT.

Argued September 14, 1976—Decided October 28, 1976.

*Mr. David R. Arrajj,* Assistant Deputy Public Defender, argued the cause for appellant (*Mr. Stanley C. Van Ness,* Public Defender, attorney).

*Mr. Mart Vaarsi,* Deputy Attorney General, argued the cause for respondent (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney; *Mr. Vaarsi* and *Mr. Peter S. Hamerslag,* Deputy Attorney General, on the brief).

PER CURIAM. The issue projected by this appeal is the efficacy of a plea bargain wherein the trial court, the prosecutor and the defendant's attorney made a material inaccurate representation to the defendant as to the potential penal consequences of the charges laid against him. The trial court refused to set aside the plea because of prejudice to the State. The Appellate Division affirmed, one judge dissenting. 136 *N. J. Super.* 200 (1975). The defendant appeals as of right. *R.* 2:2–1(a). We reverse.

The background for this appeal is adequately set forth in the opinion of the Appellate Division and need not be detailed herein. Defendant, along with Lawrence Pierce and William DeShields, Jr., was indicted for robbery, armed robbery and first degree murder. Defendant and DeShields, Jr. were apprehended. Subsequently, the defendant, pursuant to a plea bargain, pled guilty to armed robbery and *non vult* to the murder count. At that time defendant described the incident in question. Pierce, DeShields and he had driven from Salem to Quinton to rob Lester Andres' delicatessen. After Pierce and the defendant went into the store, the defendant stood at the door. Pierce went behind the counter and as Andres turned around, Pierce shot and killed him. Money taken from the cash register was divided among the three. Although these facts clearly demonstrated that an armed robbery conviction would merge into a conviction for felony murder, the prosecutor, defense counsel and the trial court took the position that defendant, if found guilty, could be sentenced separately for the armed robbery and the murder.

Defendant had been mistakenly advised by his counsel that, if tried and found guilty, he would be exposed to a life sentence for the murder and consecutive sentences for the robbery and for being armed. The prosecutor offered to recommend a sentence of life imprisonment for the murder and concurrent sentences for the armed robbery in exchange for pleas of guilty. Under advice of counsel defendant agreed and pled guilty on that understanding. When his pleas of *non vult* to the murder and of guilty to the armed robbery were made, the trial court acknowledged that agreement. The following colloquy occurred between the court and defendant:

THE COURT: You understand then that if the Court, if the Court accepts your plea of guilty to all of these charges, and that if the Court sentences you to life imprisonment on the murder charge, which is based on the plea bargaining engaged between your attorney and the Prosecutor, which is what the Court will undoubtedly do, that the only thing that the Court — that the Prosecutor is recommending

to the Court that it do is whatever sentence the Court imposes on you on the robbery charge and on the commission of robbery while armed should run concurrently with the life imprisonment sentence. Do you understand that?

THE DEFENDANT: Yes, sir.

THE COURT: So that you would not have additional time to serve for those charges, do you understand that?

THE DEFENDANT: Yes, sir.

The defendant thereupon pleaded guilty to armed robbery and *non vult* to murder and the court imposed a life imprisonment sentence for the murder and a concurrent term of imprisonment for the armed robbery. In these circumstances, where the responsible arms of the judicial and law enforcement establishment, together with defendant's own counsel, have misinformed him as to a material element of a plea negotiation, which the defendant has relied thereon in entering his plea, as we conclude was here the case, it would be manifestly unjust to hold the defendant to his plea. *R.* 3:21-1. The defendant should therefore be permitted to withdraw his plea, subject to reinstatement of the armed robbery charges. *See State v. Rhein,* 117 *N. J. Super.* 112, 118 (App. Div. 1971). Nor should the defendant be denied relief because of asserted prejudice to the State since the misrepresentation is attributable at least in part to the prosecutor and the trial court and the defendant acted expeditiously after becoming cognizant of the misrepresentation.

The judgment of the Appellate Division is reversed and the matter remanded to the trial court to enter an order permitting the defendant to withdraw his plea of *non vult* to the murder charge; reinstating the charges of robbery, while armed; directing the defendant to plead to the three charges; and providing for expeditious trial of the matter.

*For reversal and remandment*—Chief Justice HUGHES, Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD and SCHREIBER and Judge CONFORD—7.

*For affirmance*—None.