**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0418-15T1

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JAMES D. DIXON,

    Defendant-Appellant.

_____

Submitted February 2, 2017 — Remanded February 23, 2017
Resubmitted August 24, 2017 - Decided August 29, 2017

Before Judges Lihotz and O'Connor.

On appeal from Superior Court of New Jersey,
Law Division, Middlesex County, Indictment
No. 10-03-0358.

Joseph E. Krakora, Public Defender, attorney
for appellant (Steven M. Gilson, Designated
Counsel, on the briefs).

Andrew C. Carey, Middlesex County
Prosecutor, attorney for respondent (Joie
Piderit, Assistant Prosecutor, of counsel
and on the brief).

PER CURIAM

This post-conviction relief (PCR) matter returns to us following remand proceedings directed by our previous opinion, State v. Dixon, No. A-0418-15 (App. Div. Feb. 23, 2017). For the reasons that follow, we remand for an evidentiary hearing.

I

This matter was previously remanded for the reasons set forth in our opinion, which need not be repeated at length, but for the following essential facts. Following a bench trial, defendant was found guilty of second-degree robbery, N.J.S.A. 2C:15-1; second-degree burglary, N.J.S.A. 2C:18-2; third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(7); fourth-degree resisting arrest by flight, N.J.S.A. 2C:29-2(a)(2); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d); false imprisonment, N.J.S.A. 2C:13-3. Ultimately, defendant was sentenced to an aggregate twenty-year term of imprisonment.

Briefly, during the trial, defendant did not dispute he entered the victim's home to commit a burglary. In a statement provided to the police, defendant stated when he entered the victim's home, the victim was descending the stairs. Startled by defendant's presence, the victim started to run upstairs but slipped and fell down the stairs. While the victim lay injured on the floor, defendant took the victim's wallet. Defendant was apprehended by the police shortly thereafter.

2

The victim had no recollection of the incident. However, the emergency room physician who treated the victim testified he sustained blunt force trauma to the face, which caused multiple facial fractures. The doctor opined the injury was most likely caused by a "fisting" of the face and not by the fall. The trial court found the physician's testimony credible and, because it established defendant injured the victim during the theft, determined the robbery and burglary convictions were properly graded as second-degree crimes. See N.J.S.A. 2C:15-1(a)(1) and (b); N.J.S.A. 2C:18-2(b)(1).

Significantly, before trial, the State tendered an offer to defendant that were he to plead guilty to third-degree burglary, N.J.S.A. 2C:18-2, the State would recommend a ten-year term of imprisonment and dismiss the remaining charges. In his PCR petition, defendant claimed his attorney discouraged him from accepting this offer, advising the State had no evidence he assaulted the victim because the victim could not recollect the incident. Relying on his attorney's advice, defendant spurned the plea offer and went to trial.

Defendant contends counsel was ineffective for providing this advice. Although the victim could not recall what transpired during the incident and, thus, could not testify he was struck by defendant, defendant claims his attorney knew of

3

the physician's opinion regarding the cause of injury, but failed to advise of the physician's potentially damaging testimony. As a result, he argues he was not properly informed of the consequences of accepting or rejecting the plea offer.

Because the PCR court did not decide whether counsel had been ineffective in this respect, we remanded this matter for the PCR court to address this particular allegation. On remand, the court found defense counsel had not been ineffective. The PCR court's principal reasons were as follows:

> [A]lthough the parties had the medical discovery, they did not have the benefit of the testimony of the emergency room physician. . . . So, I don't know how that the defense attorney could consider the physician's testimony. . . . [But] the medical records indicate what the injuries were and — opine as to the fact that it was from a — a blow from the defendant. . . .
>
> And it appears defense counsel thought he had the opportunity to secure a third-degree conviction of burglary. And you have here where the victim has no memory of what happened. There's a lack of evidence. The medical doctor conceded the injuries could have been received from falling down the stairs, which is reasonable doubt. . . .
>
> And all the indications are that [defense counsel] gave considered advice that because the victim had no memory, the defendant basically said he had nothing to do with him falling down the stairs and receiving the injury, lack of evidence, keystone for finding somebody not guilty, and also reasonable doubt as to how the injuries

4

. . . were sustained by the victim. Defense — defense counsel had a reasonable shot at prevailing.

## II

We again set forth the applicable law, recited in our previous opinion, when a defendant asserts counsel provided ineffective assistance during the plea process. For a defendant to obtain relief based on ineffective assistance grounds, he is obliged to show not only the particular manner in which counsel's performance was deficient, but also the deficiency prejudiced his right to a fair disposition of the charges. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984); State v. Fritz, 105 N.J. 42, 58 (1987).

During plea bargaining, "a defendant has the right to make a reasonably informed decision whether to accept a plea offer." United States v. Day, 969 F.2d 39, 43 (3d Cir. 1992); see also State v. Nichols, 71 N.J. 358, 361 (1976). "Prior to trial an accused is entitled to rely upon his counsel to make an independent examination of the facts, circumstances, pleadings and laws involved and then to offer his informed opinion as to what plea should be entered." Von Moltke v. Gillies, 332 U.S. 708, 721, 68 S. Ct. 316, 322, 92 L. Ed. 309, 319 (1948).

5

"If a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." Lafler v. Cooper, 566 U.S. 156, 168, 132 S. Ct. 1376, 1387, 182 L. Ed. 2d 398, 410 (2012). To establish prejudice, a defendant must show a reasonable probability he or she would have accepted the plea, the court would have found the plea acceptable, and the result would have been less severe than that imposed upon conviction after trial. Id. at 164, 132 S. Ct. at 1385, 182 L. Ed. 2d at 407.

Here, it is defendant's contention counsel's advice led to his rejecting a plea offer that would have been accepted and would have been less severe than the sentenced imposed after trial. We make the following observations about the PCR court's conclusion counsel was not ineffective, a decision made without the benefit of an evidentiary hearing.

First, there is no evidence from the record supplied showing defendant was aware of the content of the medical discovery. His petition would suggest he was not.

Second, while the defense attorney may not have known the exact testimony the doctor would have provided, if the medical records revealed it was the doctor's opinion the victim's injuries were caused by a blow, the attorney knew or should have known the doctor might testify consistently with the content of

6

those records.[1]  If the attorney then told defendant there was no evidence he assaulted the victim, that raises the question whether counsel was ineffective if he advised defendant to reject the plea offer.

Third, as for the PCR court's comment the doctor conceded the injuries could have occurred as a result of the victim falling down the stairs, we question the relevance of this point.  What is material is the discovery that existed at the time the State made its plea offer, and whether plea counsel properly evaluated that discovery and advised defendant of the risks and benefits of going to trial, so defendant could make an informed decision whether to accept or reject the plea offer.  Moreover, the court's reference to the doctor's testimony is out of context; for the sake of completeness we set forth the doctor's opinion on what caused the victim's injuries.

The doctor testified blunt force trauma can be caused by "anything" but, in this matter, the victim's facial fractures were "most likely" caused by being "fisted," because there was a depression in one of the bones discovered on a MRI of the victim's face.  She did state one could sustain a similar injury as the result of a fall, but "[i]t would have to be a very

---

[1]    We have not been supplied with a copy of the medical discovery, but the State does not dispute the discovery revealed this was the doctor's opinion.

focused fall, somebody was intentionally trying to hit that area." The doctor also testified it was "possible" to sustain the same type of injury if one fell and hit his or her face against the edge of a stair, but she was not questioned whether it was "probable."

Where a defendant has presented a prima facie claim of ineffective assistance of counsel and the asserted facts in support thereof are outside the record, an evidentiary hearing is required. See State v. Preciose, 129 N.J. 451, 462 (1992). We are satisfied an adequate prima facie showing was made to mandate an evidentiary hearing in order to afford defendant the opportunity to demonstrate to the PCR court a favorable plea offer was made, the advice his counsel gave respecting his sentencing exposure upon conviction at trial was seriously deficient because there was a substantial disparity between the advice and the actual exposure, and defendant would and could have entered a guilty plea in accordance with the plea offer had he been correctly advised. Accordingly, we remand for an evidentiary hearing.

Remanded for further proceedings consistent with this opinion.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8

A-0418-15T1