**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3146-19

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

NICHOLAS J. ST. JOHN,

    Defendant-Appellant.

---

Argued October 21, 2021 – Decided November 4, 2021

Before Judges Alvarez and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Indictment No. 19-04-0470.

John L. Weichsel argued the cause for appellant.

Lisa Sarnoff Gochman, Special Deputy Attorney General/Acting Assistant Prosecutor, argued the cause for respondent (Lori Linskey, Acting Monmouth County Prosecutor, attorney; Lisa Sarnoff Gochman, of counsel and on the brief).

PER CURIAM

Defendant Nicholas J. St. John appeals from a February 24, 2020 order denying his motion to vacate his guilty plea, and from his sentence. We affirm.

Defendant was charged in a twenty-four-count indictment stemming from an armed robbery in January 2019. Pursuant to a plea agreement, he pled guilty to first-degree armed robbery, N.J.S.A. 2C:15-1(a)(1) (count two), and second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1) (count six). He testified he and an accomplice entered a home with the purpose of robbing the victim. Defendant admitted he was armed with a firearm and his accomplice was armed with a wrench; they threatened the victim with force. Defendant stole drugs and a designer bag from the victim. The police pulled him over in a vehicle driven by his father. Officers discovered defendant's unlicensed firearm and the drugs taken from the victim.

Defendant's father was also charged with drug and weapon possession. However, defendant said his father was simply giving him a ride and knew nothing about the robbery or the gun, and that the gun was not his.

Pursuant to the plea, the State agreed to dismiss the remaining counts in the indictment and all charges against defendant's father. The State also agreed to downgrade count two to second-degree armed robbery and recommend a

maximum nine-year NERA[1] sentence, a five-year concurrent sentence on count six, and three-and-one-half-years of parole ineligibility under the Graves Act, N.J.S.A. 2C:43-6.2. Defendant was twenty years old at the time of sentencing and would request sentencing to a youth facility.

Defense counsel acknowledged the terms of the plea agreement and that he went over it with defendant. Counsel also acknowledged the judge could not control where defendant would serve his sentence.

The judge reviewed the entire five-page plea agreement with defendant. Item twenty-one on page five of the plea form read:

> List any other promises or representations that have been made by you, the prosecutor, your defense attorney, or anyone else as part of this plea of guilty:
>
> - Prosecutor to dismiss all charges and counts against [defendant's father] at time of sentence based on [defendant] exculpating [his father].
>
> - ~~Prosecutor will not object to~~ release for ~~defendant to have surgery to his left shoulder that has been required since before arrest~~.
>
> - Defense will request that court suggest youth facility at sentence.

---

[1] "No Early Release Act," N.J.S.A. 2C:43-7.2.

The following colloquy occurred at the plea hearing:

> [The court:] Now set forth on paragraph [twenty-one]
> . . . of this agreement, the prosecution is going to
> dismiss all charges and counts against . . . your father,
> at the time of sentencing based on your exculpation
> with your plea allocution today. . . . [Defense counsel]
> will be requesting that the [c]ourt suggest a youth
> facility at sentencing.
>
> I have absolutely no control over what the
> Department of Corrections may or may not do with
> your placement. I certainly don't mind reflecting that
> on the judgment of conviction, but clearly, those are
> classification decisions that the State will make at the
> time they receive the judgment of conviction. You are
> [twenty] years of age. You do appear to be youthful,
> but having said that, that's the classification for the
> State Department of Corrections. They'll make that
> final determination.
>
> Now is this the total plea agreement between you
> and the State?
>
> [Defendant:] Yes.

Defendant testified he read and understood the plea agreement before signing and initialing each page of the plea form. The judge accepted the plea, finding defendant understood and agreed to it knowingly and voluntarily. The judge also found defense counsel had answered defendant's questions, and defendant was satisfied with his representation.

A-3146-19

Beginning in approximately 2013, defendant suffered from shoulder pain and repeated dislocation of his left shoulder. In 2019, the orthopedic doctor in the county jail diagnosed defendant with acute recurrent anterior shoulder dislocation and recommended left anterior shoulder reconstruction. Prior to sentencing, defendant moved for temporary release from the county jail to have shoulder surgery. Defense counsel submitted a certification in support of the motion, stating:

> During plea negotiations . . . [defendant's] medical condition was discussed. . . . [Defendant] wanted to include a provision in the plea [a]greement in which the [p]rosecutor would direct and arrange with the [c]ounty [j]ail for [defendant] to have the necessary surgery and therapy[.] [H]owever[,] the [p]rosecutor could not agree to the provisions as they had no[] authority over the Monmouth County Jail[.] [H]owever, the [p]rosecutor did agree to assist in any way he could to facilitate the surgery.

The judge denied defendant's motion.

Defendant retained new counsel and moved to vacate the guilty plea in February 2020. Counsel certified defendant was told he would be released pending sentencing to have shoulder surgery "[a]s part of the consideration given in exchange for . . . waiving all his rights associated with a trial[.]" Counsel asserted "[s]ubsequently, this part of his plea form was crossed out, but [defendant] was never told about this, and did not consent to it." Counsel

5

claimed the deletion "was never brought up" at the plea allocution. Counsel certified defendant would never have agreed to the plea if he knew he would not be released to have the surgery.

The judge denied the motion to vacate the plea and rendered detailed oral findings analyzing defendant's claims pursuant to the four-factor test set forth in State v. Slater, 198 N.J. 145 (2009). The judge noted he had presided at the plea proceeding and recounted the lengthy indictment against defendant. The State also noted defendant's counsel at the plea hearing no longer represented him because defendant used counsel's "letterhead to essentially commit a crime through the jail . . . [n]ot because of . . . [defendant's] unhappiness . . . with the job [counsel] did." The judge recounted defendant's plea allocution and stated: "Defendant also informed this [c]ourt that he discussed and understood each question on the plea form with defense counsel." The judge quoted his voir dire of defendant at the plea hearing and defense counsel's establishment of the factual basis.

The judge found defendant did not meet the Slater factors because he did not challenge the plea's factual basis or "set forth a colorable claim of innocence." The judge concluded the nature and the strength of defendant's reasons for withdrawing the plea pursuant to the second Slater factor did not

warrant granting the motion because "[t]here was no misinformation[.]" He found "with regard[] to the hospitalization, although at some point that may have been his desire, it was crystal clear from the State and clearly nothing on this record would support that that was part of the inducement for him to enter into the plea agreement." Further, the judge stated: "the clause mentioning release for the surgery is clearly crossed out on the final signed plea agreement."

Addressing the third Slater factor, the judge reviewed the nature of the plea bargain, including dismissal of the remaining counts of the indictment and the charges against defendant's father. The judge concluded "[w]hile the [c]ourt does not give great weight to the existence of a plea bargain, it is a factor that weighs against granting the defendant's motion to withdraw his plea." He concluded the State was not required to establish the fourth Slater factor because defendant failed to prove any of the other factors.

The judge proceeded to sentencing. He found the following aggravating factors: "defendant will commit another offense," N.J.S.A. 2C:44-1(a)(3), and "the need for deterring the defendant and others from violating the law[,]" N.J.S.A. 2C:44-1(a)(9). He also found mitigating factor seven, N.J.S.A. 2C:44-1(b)(7), that "defendant has no prior history of prior delinquency or criminal activity."

The judge concluded the aggravating factors substantially outweighed the mitigating factor. He sentenced defendant to nine years subject to NERA on count two, and a concurrent term of five years with three and one-half years of parole ineligibility on count six.

Defendant raises the following points on appeal:

> POINT I:  A PLENARY HEARING IS REQUIRED TO DETERMINE WHETHER DEFENDANT ENTERED HIS GUILTY PLEA BASED ON A BELIEF THAT BY PLEADING GUILTY HE WOULD BE RELEASED FROM JAIL FOR NEEDED SHOULDER SURGERY.
>
> POINT II: THE SENTENCE IS EXCESSIVE IN LIGHT OF DEFENDANT'S AGE AND PRIOR RECORD.

## I.

Defendant argues he is entitled to a plenary hearing because he understood the plea's provisions permitted his release for surgery. He points out that the deleted language was not initialed and no one asked if he understood that provision. He also argues his youth and inexperience contributed to the faulty plea. As a result, defendant asserts there was no meeting of the minds, but rather "a misunderstanding as to the collateral consequences of the plea justifying the withdrawal of the plea."

8

"[P]re-sentence motions to withdraw a plea are governed by the 'interest of justice' standard in Rule 3:9-3(e) . . . ." Slater, 198 N.J. at 158. Rule 3:9-3(e) states: "If at the time of sentencing the court determines that the interests of justice would not be served by effectuating the agreement reached by the prosecutor and defense counsel . . . the court may vacate the plea or the defendant shall be permitted to withdraw the plea."

The Slater Court established four factors for consideration regarding motions to withdraw a guilty plea: "(1) whether the defendant has asserted a colorable claim of innocence; (2) the nature and strength of defendant's reasons for withdrawal; (3) the existence of a plea bargain; and (4) whether withdrawal would result in unfair prejudice to the State or unfair advantage to the accused." Slater, 198 N.J. at 150, 157-58. "Trial courts should consider and balance all of the factors . . . in assessing a motion for withdrawal of a plea. No factor is mandatory; if one is missing, that does not automatically disqualify or dictate relief." Id. at 162.

A defendant is misinformed about a plea deal when

> the responsible arms of the judicial and law enforcement establishment, together with defendant's own counsel, have misinformed him as to a material element of a plea negotiation, which the defendant has relied thereon in entering his plea . . . it would be manifestly unjust to hold the defendant to his plea.

9

[State v. Nichols, 71 N.J. 358, 361 (1976) (citing R. 3:21-1).]

"[A] plea may only be set aside in the exercise of the court's discretion." Slater, 198 N.J. at 156 (citing State v. Simon, 161 N.J. 416, 444 (1999)). We review the trial court's decision applying the Slater factors for an abuse of discretion. See State v. Tate, 220 N.J. 393, 404 (2015).

Having considered defendant's arguments in light of the record and the applicable law, we affirm substantially for the reasons expressed by the motion judge. We add the following comments.

The plea transcript lends no support to defendant's claim that the deleted language was part of the plea agreement. The judge thoroughly reviewed each page of the plea form including the language surrounding the deleted provision. We discern no reason why, if the parties had agreed to defendant's release, the judge would not have mentioned that provision as well. This conclusion is supported by former defense counsel's certification supporting the motion seeking defendant's release, which explained the State could not agree to the deleted language because it was infeasible. There is no evidence defendant was misinformed about the terms of the plea or that enforcing the plea would be unjust. The motion judge did not abuse his discretion.

II.

Defendant argues the judge did not weigh the aggravating and mitigating factors and failed to explain why the sentence was "at the top range of the plea bargain." We disagree.

Our review of sentencing determinations is highly deferential. State v. Fuentes, 217 N.J. 57, 70 (2014) (citing State v. O'Donnell, 117 N.J. 210, 215 (1989)). "An appellate court's review of a sentencing court's imposition of sentence is guided by an abuse of discretion standard." State v. Jones, 232 N.J. 308, 318 (2018). We do "not substitute [our] judgment for that of the sentencing court." Fuentes, 217 N.J. at 70. "But the deferential standard of review applies only if the trial judge follows the Code [of Criminal Justice] and the basic precepts that channel sentencing discretion." State v. Case, 220 N.J. 49, 65 (2014).

> Whether a sentence should gravitate toward the upper or lower end of the range depends on a balancing of the relevant factors. [Fuentes, 217 N.J. at 72.] "[W]hen the mitigating factors preponderate, sentences will tend toward the lower end of the range, and when the aggravating factors preponderate, sentences will tend toward the higher end of the range." [State v. Natale, 184 N.J. 458, 488 (2005).]
>
> [Case, 220 N.J. at 64-65 (second alteration in original).]

"When the aggravating and mitigating factors are identified, supported by competent, credible evidence in the record, and properly balanced, we must affirm the sentence and not second-guess the sentencing court, provided that the sentence does not 'shock the judicial conscience[.]'" Id. at 65 (quoting State v. Roth, 95 N.J. 334, 365 (1984) (internal citations omitted)).

Here, the judge explained the applicable aggravating and mitigating factors. He also explained why he rejected certain aggravating and mitigating factors sought by the parties. The record supports his conclusion the aggravating factors substantially outweighed the mitigating factor. In light of these findings, the sentence does not shock the judicial conscience.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3146-19