**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0260-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

KENDAL L. DONELSON,

    Defendant-Appellant.

_____

Argued October 8, 2025 – Decided November 20, 2025

Before Judges Gummer and Jacobs.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Municipal Appeal No. 3-24.

Luke C. Kurzawa argued the cause for appellant (Reisig Criminal Defense & DWI Law, LLC, attorneys; Luke C. Kurzawa, on the brief).

Robert A. Polis II, Assistant Prosecutor, argued the cause for respondent (Jennifer Webb-McRae, Cumberland County Prosecutor, attorney; Robert A. Polis II, of counsel and on the brief).

PER CURIAM

Defendant appeals from a Law Division order denying his motion to withdraw a guilty plea for driving while intoxicated (DWI). The question before us is whether defendant's guilty plea to a third DWI offense should be set aside because, during the proceeding in which defendant entered his plea, both defense counsel and the municipal court judge referenced the expectation of a single concurrent jail term for a fourth DWI charge pending in a different municipal court—a legally impermissible sentencing arrangement under New Jersey law. Because the record demonstrates the plea was entered under a fundamental misapprehension of law, thus was neither knowing nor voluntary, we hold that denial of defendant's motion to withdraw his plea after sentencing worked a manifest injustice. We therefore reverse.

I.

On April 19, 2021, a New Jersey State Police Trooper found defendant asleep in his car in a parking lot in Lawrence Township with the engine running and headlights on. He saw open beer cans in the vehicle and detected an odor of alcohol on defendant's breath. The trooper conducted three standard field sobriety tests. Defendant failed all three. The trooper then transported defendant to police barracks, where breath samples were taken using an Alcotest machine. The results yielded a blood-alcohol concentration (BAC) of 0.12%,

A-0260-24

exceeding the legal limit of 0.08%. Defendant was charged with driving while intoxicated, N.J.S.A. 39:4-50; reckless driving, N.J.S.A. 39:4-96; and having an open container of alcohol in a motor vehicle, N.J.S.A. 39:4-51b.

On February 7, 2024, defendant appeared in the Regional Municipal Court, Cumberland County and entered a guilty plea to the Lawrence Township DWI, constituting a third offense. Defendant had prior DWI convictions in 2019 and 2023. A third offense carries a mandatory 180-day jail sentence, with other fines and penalties. N.J.S.A. 39:4-50(a)(3). In allocating a factual basis, defendant acknowledged drinking an unspecified quantity of beer and then driving to the parking lot in Lawrence Township, where he fell asleep. When he pleaded guilty to the Lawrence Township DWI, defendant had a pending DWI matter in Millville.

Concerning the anticipated sentence, a colloquy ensued between the judge and defense counsel. The municipal prosecutor was not present.

> COURT: Okay. So, I'll take a quick look at the abstract so I can advise you what the sentencing would be . . . . So, there was a prior in 2019, and then another one this year in June -- or 2023 in June . . . . So, that's, obviously, not ten years in between, so that would be -- even though this offense date occurred before the sentencing of the second one, this will be sentenced as a third. So, you're looking at an eight-year suspension, two to four years with the interlock device, fines in the range of $1,300 to $1,400, 12 hours in the IDRC

program and a mandatory 180-day jail sentence. Do you understand that?

DEFENDANT: Yes.

COURT: Okay. And knowing those penalties, do you still want to plead today?

DEFENDANT: Yes.

COURT: Okay. And you understand you have to go to jail today?

DEFENDANT: Yes.

COURT: Okay. You're prepared for that?

COUNSEL: I'm sorry, Your Honor?

COURT: I said he was prepared for that and he knew that was --

COUNSEL: Yeah. Well, he understands.

COURT: Okay. All right. There are notes on here that there was going to be some exploration of the treatment program.

COUNSEL: Yes. That's going to occur because he also has an appearance that's now scheduled for Millville Municipal Court, but since he's going to be incarcerated, --

COURT: Okay.

COUNSEL: -- they will then bring him over --

4

COURT: Oh, we ha[d] this conversation. Yeah. <u>About trying to do it together</u>.

COUNSEL: Yeah.

COURT: Did you want us to set up a link so you could do that or no, or are you just going to --

COUNSEL: The preference for the Millville Municipal Court is that after he's incarcerated, they'll just bring him over from the jail, --

COURT: Oh, okay.

COUNSEL: -- and I'll go over to the courthouse.

COURT: Okay. So, you can still do it in person then.

COUNSEL: Yes.

COURT: Okay. All right. All right. Then --

COUNSEL: Because <u>the contemplation is that with respect to both offenses, that there be a concurrent 180 days in the Millville matter</u>.

COURT: And if he wanted to do -- the statute allows for inpatient treatment for up to 90 days, but it has to be on the back end. So, the first 90 days have to be served in the jail. So, you'll be able to affect the plea in Millville before that -- that timing would hit, I would imagine.

[(Emphasis added.)]

After accepting the factual basis for the guilty plea and immediately before remanding defendant to jail, the judge stated to defendant:

5

Obviously this is of significant magnitude in terms of the penalties, and I do trust that you understand that, and I do believe that you are entering this plea voluntarily[,] understanding your rights and having worked out a scenario with your attorney with this [c]ourt and another court to achieve <u>the best outcome</u> that you -- that you can achieve.

[(Emphasis added.)]

While serving the custodial portion of his sentence and with new counsel, defendant appealed the conviction and moved to withdraw his guilty plea. A Law Division judge granted defendant's motion for release pending appeal, and defendant was released on a stay on March 1, 2024, having served twenty-three days of the sentence. The Law Division judge heard argument on September 18, 2024. In an oral ruling and an order entered the same day, the judge denied defendant's motion and affirmed the conviction, finding defendant had allocuted the elements of DWI, he had understood "waiver of the trial," " [his] plea was voluntary," "he understood the nature of the charge, and he understood the consequences of the plea, and that . . . a[n adequate] factual basis was elicited."

Regarding the disposition of the pending offense in Millville, the judge stated:

If there was any -- if there was a contemplation in reference to what was going to happen on a date subsequent to this guilty plea, I saw somewhere where the judge was like -- or where, you know, do you need

6

us to get a -- get a link together. I don't know what that was in reference to, but there was an opportunity where there . . . if this defendant at the time -- The judge said, "Do you have any questions about anything we've done here today?" The response was, "No verbal response." However, when the next line the [c]ourt says, "All right. Did you post bail?" I'm only going to logically deduce that his response was physical and that it may have been a shaking of the head. That's all. Only because she went into -- to go on, as opposed to follow up with her question, "Do you have any questions?" All right. Having said all of that, I am denying the motion to vacate . . . the guilty plea in the [municipal] court. I am affirming the [conviction] in the [municipal] court. . . .

Consequently, the Law Division remanded defendant to serve out the remaining portion of the 180-day jail term.

On appeal, defendant contends his plea was not knowing and voluntary as he was misinformed—by both predecessor counsel and the municipal court—regarding the "concurrent" sentencing scenario. He argues this legal impossibility rendered the plea fundamentally unjust and in violation of due process.

The State asserts the plea was fully knowing and voluntary, defendant was advised of the actual penalties he faced, and there was no binding promise of a concurrent sentence — only a vague "contemplation" by counsel. The State further argues the plea was supported by defendant's acknowledgment he had

7

driven after drinking, failed field sobriety tests, and Alcotest above the legal limit.

II.

A municipal court may accept a guilty plea if the court determines the defendant was entering the plea "voluntarily with understanding of the nature of the charge and the consequences of the plea and that there is a factual basis for the plea." R. 7:6-2(a)(1). Where a defendant seeks to withdraw a plea after sentencing, the reviewing court will grant relief "to correct a manifest injustice." R. 3:21-1. A manifest injustice is "a nonconstitutional, equitable doctrine designed to prevent unfair results that do not necessarily violate any constitutional provision." State Troopers Fraternal Ass'n v. State, 149 N.J. 38, 54 (1997) (citing Phillips v. Curiale, 128 N.J. 608, 625 (1992)). "[T]he burden rests on defendant, in the first instance, to present some plausible basis for his request, and his good faith in asserting a defense on the merits, so the trial judge is able to determine whether fundamental fairness requires a granting of the motion." State v. Smullen, 118 N.J. 408, 416 (1990) (quoting State v. Huntley, 129 N.J. Super. 13, 17 (App. Div. 1974)).

In determining whether this standard has been met, our Supreme Court in State v. Slater, 198 N.J. 145, 157-58 (2009), identified four factors for

8

consideration: (1) assertion of a colorable claim of innocence; (2) the nature and strength of reasons for withdrawal; (3) the existence of a plea bargain; and (4) potential unfair prejudice to the State or unfair advantage for the accused.  No single factor is dispositive.  Id. at 162.

Slater's second factor encompasses equitable considerations.  Id. at 159. In assessing that factor, we focus

> . . . on the basic fairness of enforcing a guilty plea by asking whether defendant has presented fair and just reasons for withdrawal, and whether those reasons have any force.  Our case law has identified a number of reasons that warrant withdrawal of a plea.  Some examples follow: (1) the court and prosecutor misinformed the defendant about a material element of the plea negotiation, which the defendant relied on in entering his plea, see [State v. Nichols, 71 N.J. 358, 361 (1976)] (finding defendant misinformed about whether he would receive concurrent sentences if convicted); (2) the defendant was not informed and thus did not understand material terms and relevant consequences of the guilty plea, namely, the direct, penal consequences of the plea, see State v. Johnson, 182 N.J. 232, 241 (2005) (permitting plea withdrawal where defendant was unaware of period of extended parole ineligibility under [the No Early Release Act], N.J.S.A. 2C:43.7.2); State v. Kiett, 121 N.J. 483, 499 (1990) (allowing withdrawal where juvenile mistakenly believed he faced death penalty and entered guilty plea to avoid its imposition); State v. Howard, 110 N.J. 113, 118 (1988) (allowing withdrawal where defendant was not informed of parole eligibility implications of sentence to Adult Diagnostic and Treatment Center); . . . (3) defendant's reasonable expectations under the plea

A-0260-24

agreement were not met, see State v. Kovack, 91 N.J. 476, 483 (1982) (finding sentence improper where plea agreement did not contemplate period of parole ineligibility); State v. Marzolf, 79 N.J. 167, 183 (1979) ("Where the accused's reasonable expectations are defeated, the plea bargain has failed one of its essential purposes, fairness, and a defendant should be permitted to withdraw the plea.") . . . .

[Slater, 198 N.J. at 159-60 (remaining citations omitted).]

Defendant contends the "manifest injustice" standard is satisfied in this case because "the municipal court accepted the plea even though it was clear that the defendant did not understand the consequences of doing so." We agree.

Here, the record is unequivocal. Defense counsel represented that between himself and the municipal prosecutor, "the contemplation is that with respect to both offenses, that there be a concurrent 180 days in the Millville matter." Rather than disabuse defendant of this concurrent-sentence scenario, the municipal judge reinforced it by immediately adding:

> . . . [a]nd if he wanted to do -- the statute allows for inpatient treatment for up to 90 days, but it has to be on the back end. So, the first 90 days have to be served in the jail. So, you'll be able to affect the plea in Millville before that -- that timing would hit, I would imagine.

The judge seemed to endorse the concurrent-sentence scenario when she assured defendant he had reached "the best outcome . . . [he could] achieve."

Under New Jersey law, however, the concurrent-sentence scenario is a legal impossibility. No rule or statute permits two separate municipal court DWI sentences, from different municipalities and based on different events and convictions, to be run concurrently. N.J.S.A. 39:4-50 to -51; N.J.A.C. 10:162-1.1 to -11.3. Rather, each jurisdiction is required to independently impose the statutory minimum sentence. Furthermore, the Law Division's finding that the plea was not, in substance, based on an impermissible concurrent-sentence scenario ignores the transcript's plain language and indisputable fact that the contemplated concurrent sentence could not materialize.

Because our decision rests on the fundamental unfairness of the plea process, we do not reach a substantive analysis of arguments defendant raised regarding claims of innocence or purported inadequacy of the factual basis. See generally Slater, 198 N.J. at 150 (regarding factor one, claims of innocence); State v. Urbina, 221 N.J. 509, 527-28 (2015) ("[A] defendant may . . . challenge the sufficiency of the factual basis for his guilty plea on direct appeal.").

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

_M. C. Hadley_

Clerk of the Appellate Division

A-0260-24