**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0120-24

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

REGINALD W. ROACH,
a/k/a REGINALD W. HOLMES,

    Defendant-Appellant.

_____

Submitted October 21, 2025 – Decided December 8, 2025

Before Judges Sumners and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 01-01-0150.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Susan Brody, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (David M. Liston, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Reginald W. Roach appeals the Law Division's August 13, 2024 order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm because as PCR Judge Pedro J. Jimenez determined, the petition was procedurally barred and otherwise lacked merit.

I.

On May 21, 2002, a jury found defendant not guilty of third-degree burglary, fourth-degree theft by unlawful possession of a weapon, and third-degree possession of a weapon for unlawful purposes for offenses occurring on December 12, 2000. The jury was hung on the charges of third-degree theft by unlawful taking and first-degree armed robbery.

Almost two years later, on August 6, 2004, defendant pled guilty to third-degree theft by unlawful taking when the State agreed to dismiss first-degree armed robbery charge and recommend a time-served sentence with no probation. During his plea colloquy, defendant admitted to unlawfully taking control of someone else's car. Defendant said he reviewed the plea form with his counsel, voluntarily entered the plea agreement, and understood his guilty plea would result in a criminal record. That same day, defendant was sentenced in accordance with the plea agreement.

2

Defendant did not appeal his conviction or sentence. He also did not seek PCR within five years of his conviction, as prescribed by Rule 3:22-12.

Defendant was convicted again on January 22, 2007, when a jury found him guilty of first-degree aggravated sexual assault and related offenses occurring on December 22, 2005. He was sentenced as a persistent offender, N.J.S.A. 2C:44-3(a), in part based on his guilty plea for third-degree theft by unlawful taking and received a forty-year extended sentence. We affirmed defendant's conviction and sentence but remanded for merger of two of his convictions. State v. Roach, No. A-1890-07 (App. Div. Aug. 1, 2011). The Supreme Court upheld his conviction as well. State v. Roach, 219 N.J. 58 (2014). Defendant unsuccessfully sought PCR petition in connection with the 2007 conviction in 2015 and 2021. State v. Roach, No. A-3252-20 (App. Div. Oct. 6, 2022).

On August 17, 2023, nineteen years following his third-degree theft by unlawful taking conviction, defendant filed a PCR petition alleging the conviction should be vacated due to ineffective assistance of counsel. He contended counsel falsely advised him that his guilty plea for the offense would not result in a criminal conviction. Defendant asserted that had he known "the conviction would someday be used by the [S]tate as a predicate offense to

3

impose an extended term on a subsequent conviction," he "would not have accepted the plea and would have proceeded to trial for a second time." Further, defendant alleged counsel was ineffective because counsel did not advise him of his right to file for PCR, and failed to ensure that the factual basis for his plea was provided under oath, in accordance with a recent change to Rule 3:9-2, which became effective less than a month after his plea.[1] Defendant contended his PCR claim should not be time-barred under Rule 3:22-12 for being filed more than five years after his theft by unlawful conviction because the delay was due to excusable neglect and enforcing the time bar would result in a fundamental injustice.

Judge Jimenez rejected defendant's contentions and denied his petition without an evidentiary hearing. The judge noted that defendant waited over nineteen years to file his petition and held that defendant did not "allege any facts amounting to excusable neglect that may preclude proper application of [Rule] 3:22-12(a)." The judge also held that because Rule 3:9-2's amendment

---

[1] Rule 3:9-2's requirement that pleas be taken "under oath or by affirmation" did not become effective until September 1, 2004. See Pressler & Verniero, Current N.J. Court Rules, History and Analysis of Rule Amendments to R. 3:9-2, ¶ 7.8, www.gannlaw.com (2024); see also, Report of the New Jersey Supreme Court Criminal Practice Committee 2002–2004 Term, 10–12 (Jan. 23, 2004) [hereinafter CPC Report].

A-0120-24

requiring pleas to be taken under oath did not become effective until after defendant's plea, counsel did not "perform in a constitutionally deficient manner under the Strickland[2] standard by failing to insist that [defendant] be placed under oath prior to his plea."

Even putting aside the petition's time deficiency, the judge found no merit to defendant's claims. The judge held that, even if counsel failed to notify defendant of his right to file a PCR petition, Rule 3:21-4, which requires a sentencing court to notify defendants of the time limit to file PCR petitions, did not come into effect until more than five years after defendant's conviction. Moreover, the judge found that the plea form clearly informed defendant that a plea would result in a criminal record, and that defendant acknowledged understanding the consequences of his plea. Accordingly, the judge, citing State v. Gaitan, 209 N.J. 339, 351 (2012), determined the record did not support defendant's claim that "but for his [counsel's] allegedly deficient performance, [defendant] 'would not have pled guilty and would have insisted on going to trial.'"

---

[2] Strickland v. Washington, 466 U.S. 668, 687 (1984).

A-0120-24

On appeal, defendant raises the following points for our consideration:

POINT I

THE PCR JUDGE ERRED IN IMPOSING A PROCEDURAL BAR.

POINT II

THE PCR JUDGE ERRED IN REJECTING THE ARGUMENT THAT TRIAL COUNSEL HAD BEEN INEFFECTIVE IN PROVIDING ERRONEOUS LEGAL ADVICE AND IN FAILING TO ENSURE THAT [DEFENDANT] GIVE HIS FACTUAL BASIS UNDER OATH.

After considering these arguments and applicable law, we affirm substantially for the thoughtful reasons expressed by Judge Jimenez in his written decision. Defendant's arguments lack sufficient merit to warrant extensive discussion in a written opinion. R. 2:11-3(e)(2). We add only the following brief comments.

Defendant's contention that the five-year period to file for PCR should be relaxed because of excusable neglect and to prevent a fundamental injustice, as allowed under Rule 3:22-12(a)(1)(A), is not supported by the record. He asserts no facts demonstrating an extenuating reason to wait nineteen years after his 2004 conviction for theft by unlawful taking to file for PCR to vacate the offense. Defendant's bare allegations do not warrant relaxation of the time bar. State v. Goodwin, 173 N.J. 583, 594 (2002) (citing State v. Mitchell, 126 N.J.

6

565, 580 (1992)). The lack of excusable neglect is further highlighted by the fact that defendant filed a PCR petition in connection with his 2007 conviction in 2015 and 2021 but did not file a PCR petition related to his 2004 conviction until 2023.

Moreover, there is no fundamental injustice in denying defendant PCR, since his 2004 conviction was not the sole basis for his persistent offender sentence; defendant's sentence could have been extended due to prior third - and second-degree convictions. See N.J.S.A. 2C:44-3(a).

As for the merits of defendant's claim, his trial counsel was under no obligation to inform defendant that his guilty plea could result in an enhanced sentence if he was convicted of a subsequent offense. See State v. Howard, 110 N.J. 113, 122 (1988) (citing State v. Heitzman, 209 N.J. Super. 617, 622 (App. Div. 1986)); State v. Wilkerson, 321 N.J. Super. 219, 227 (App. Div. 1999) (holding that "the fact that [the defendant's] defense attorneys did not advise [him] of possible or even potential enhancement consequences . . . [was] not ineffective assistance of counsel"). Although a defendant has the right not to be "misinformed . . . as to a material element of a plea negotiation, which [he] has relied thereon in entering his plea," ibid. (quoting State v. Nichols, 71 N.J. 358, 361 (1976)), there is no evidence that trial counsel misinformed defendant about

7

the consequences of his plea.  Defendant's bald assertion of being misinformed by trial counsel nineteen years ago is insufficient.  More telling, defendant's plea form acknowledged that a guilty plea would result in a criminal record and that there were no "promises or representations made by . . . the defense attorney."

As to defendant's claim that trial counsel failed to ensure his factual basis was provided under oath, it is well established that "[i]n analyzing trial counsel's performance, [reviewing courts] are required to examine the law as it stood at the time of counsel's actions, not as it subsequently developed."  State v. Fisher, 156 N.J. 494, 501 (1998) (citing Kimmelman v. Morrison, 477 U.S. 365, 384 (1986)); accord Goodwin, 173 N.J. at 597–98.  There is no dispute that at the time of his plea, Rule 3:9-2 did not require defendant to be placed under oath for his plea colloquy.  Furthermore, the CPC Report recommending the amendment to require defendants to be placed under oath before providing a factual basis for a guilty plea explicitly stated:

> The Committee was of the opinion that under the amended rule, the inadvertent failure to place the defendant under oath would not affect the validity of the guilty plea . . . .   [T]he Committee was of the opinion that the amended rule should be made prospective only to avoid any attack on guilty pleas that were entered without placing the defendant under oath, even if the case was pending on direct appeal.
>
> [CPC Report at 10–11.]

Consequently, trial counsel did not provide ineffective assistance for not ensuring defendant's plea colloquy was made under oath.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-0120-24